1 F.3d 45
 303 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Reynol AYLLON, Appellant.
 No. 92-3205.
 United States Court of Appeals, District of Columbia Circuit.
 July 26, 1993.
 
 Before MIKVA, Chief Judge, and WALD and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction and sentence be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The government presented evidence sufficient to show that appellant Ayllon entered into an agreement with his co-defendant Winston Weaver to distribute cocaine. See United States v. Lam Kwong-Wah, 924 F.2d 298, 302-03 (D.C.Cir.1991). Before each purchase of cocaine, Weaver would enter an alley with an archway labelled "Adams Morgan Press." During the November 21, 1991 transaction, Weaver dialed the number of the Adams Morgan Press where Ayllon worked. A few minutes later, Ayllon emerged from the alleyway leading to the print shop and beckoned to Weaver. Weaver entered the alleyway with Ayllon, quickly emerged, entered a nearby restaurant for a minute, and then gave cocaine to the police informant. When the police executed a search warrant of the printing press on January 9, 1992, they found in Ayllon's pockets, among other things, six snow seals of cocaine and a slip of paper with Weaver's first name and home phone number written on it. After his arrest, Ayllon gave a statement in which he admitted he knew Weaver and that he was the only person in the shop who knew him. In light of this evidence, this is not a case where "a reasonable mind could not conclude beyond a reasonable doubt" that Ayllon was guilty of conspiracy to distribute cocaine. United States v. Powell, 929 F.2d 724, 725 (D.C.Cir.1991).
 
 
 5
 With respect to Ayllon's sentence, given Ayllon's conviction on the conspiracy charge and the district court's finding that there was sufficient evidence to support that charge, the district court did not clearly err in finding that the total amount of cocaine distributed during the life of the conspiracy was attributable to Ayllon as relevant conduct. See 18 U.S.C. Sec. 3742(e). Further, even taking into account the clarifying amendment to the Sentencing Guidelines, the district court correctly calculated Ayllon's sentence based on the total amount of cocaine sold during the conspiracy for which Ayllon was convicted. See U.S.S.G. Sec. 1B1.3, Commentary Application Note 1 (1992).